UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| | No. 08-175 |
| VERSUS | Reference: No. 10-cv-4358 |
| BYRON SMITH 30701-034 | SECTION "L"(2) |

## ORDER & REASONS

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Rec. Doc. No. 109) filed by Defendant Byron Smith. The Court has reviewed the submitted motion and opposition memorandum as well as the applicable law. For the following reasons, the motion is dismissed.

## I. BACKGROUND

On February 25, 2009, Defendant pled guilty to three counts of the six-count indictment pending against him for crimes committed on or about February 1, 2008. (Rec. Doc. No. 85.) As part of his plea, Defendant entered into a plea agreement with the Government. (Rec. Doc. No. 87.) The agreement includes a waiver of Defendant's right to seek post-conviction relief under 28 U.S.C. § 2255. Prior to sentencing, Defendant filed a sentencing memorandum, stating that he "wishes to preserve his right to raise [the applicability of the Fair Sentencing Act of 2010] in [an] application for post-conviction relief should the law [be enacted]." (Rec. Doc. No. 105.) On November 15, 2010, Defendant filed the present motion, arguing that his sentence should be reduced because of the Fair Sentencing Act. The Government opposes the motion, asserting in part that Defendant has waived his right to seek post-conviction relief on this ground.

1

**II. LAW AND ANALYSIS**

The Fifth Circuit has held that a criminal defendant may waive his right to obtain post-conviction relief under 28 U.S.C. § 2255. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Such a waiver is valid if it is informed and voluntary and if it preserves a claim for ineffective assistance of counsel with respect to either the validity of the plea or of the waiver itself. *Id.*; *see also United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). In this case, the plea agreement into which Defendant entered provides that "[t]he defendant . . . waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under . . . Title 28, United States Code, Section 2255, on *any ground*," except the ineffective assistance of counsel that implicates the validity of the waiver or the validity of the plea. (Rec. Doc. No. 87) (emphasis added). In his motion, Defendant has neither raised a claim asserting ineffective assistance of counsel nor urged that his waiver was uninformed or involuntary. Accordingly, he has waived his right to seek relief under 28 U.S.C. § 2255 on the ground asserted.

Defendant argues that he has preserved his right to challenge his sentence in light of the sentencing memorandum that he filed in October 2009, following his guilty plea. The memorandum states that "Defendant wishes to preserve his right to raise [the applicability of the Fair Sentencing Act of 2010] in [an] application for post-conviction relief should the law [be enacted]." (Rec. Doc. No. 105.) This argument neglects the fact, however, that a plea agreement "bind[s] the parties, and [that] the court, too, is bound 'once [it] accepts the plea agreement.'" *United States v. Garcia*, 606 F.3d 209, 215 (5th Cir. 2010) (quoting *United States v. Self*, 596 F.3d 245, 248 (5th Cir. 2010)). Accordingly, the waiver in Defendant's plea agreement "will be

2

enforced,"*White*, 307 F.3d at 341, and Defendant "will be held to the bargain to which he agreed," *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994).

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Rec. Doc. No. 109) is hereby **DISMISSED**.

New Orleans, Louisiana, this 10th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE